UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Theo Mitchell,<br>    Plaintiff,<br><br>v.<br><br>Lauscha Fiber International Corp.,<br>    Defendant. | CASE NO.:   2:25-cv-00881-BHH-MHC<br><br>**COMPLAINT**<br>**(Jury Trial Requested)** |

The Plaintiff, complaining of the Defendant, would show unto this Honorable Court as follows:

### JURISDICTION AND VENUE

1. This Complaint arises out of violations of the Family and Medical Leave Act, 29 U.S.C. §2601, *et. seq.* (hereinafter "FMLA") and violation of the Fair Labor Standards Act of 1938 (FLSA).

2. The Plaintiff, Theo Mitchell, is a citizen of the State of South Carolina, and resides in Colleton County, South Carolina.

3. The Defendant, Lauscha Fiber International Corp., upon information and belief, is a domestic corporation organized and operating under the laws of the State of South Carolina.

4. The Defendant is an industry that affects commerce within the meaning of the FMLA.

5. The Defendant is a "person" within the meaning of the FMLA.

6. The Defendant employs fifty (50) or more employees and is an "employer" within the meaning of the FMLA.

7. All employment practices alleged herein were committed within the State of South Carolina.

8. The Defendant operates a business in this judicial district and all of the events or omissions giving rise to the claims hereunder occurred in this judicial district. Therefore, venue is proper in this Court pursuant to 28 U.S.C. §1391.

9. This court has jurisdiction to hear and determine this matter pursuant to 28 U.S.C. §1331 (federal question).

10. Therefore, the parties, subject matter and all things hereinafter alleged are within the jurisdiction of this Court.

## STATEMENT OF FACTS

11. On or about December 15, 2021, the Plaintiff began working for Defendant as a process operator. At all times during his employment, the Plaintiff was efficient and effective in his work.

12. During his employment, the Plaintiff suffered from personal medical issues, or was perceived to have a disability, which constituted a serious health condition as defined by the FMLA.

13. On a previous occasion, the Plaintiff requested and took FMLA leave for a similar reason.

14. On many occasions, the Plaintiff stayed and worked additional hours, which would have been considered overtime hours worked, as it put him over the 40 hours worked in a week. The Plaintiff was never paid overtime hours for these hours, and he requested payment, but never received payment for those hours.

15. On or about February 15, 2023, the Plaintiff was admitted into a treatment facility, and he requested FMLA via email, but it was never answered.

16. While in the treatment facility, the Plaintiff had his case worker reach out to Defendant by email when Plaintiff was admitted and notified the Defendant the Plaintiff required FMLA leave, but she was unable to speak to anyone at Defendant company until on or about February 21, 2023, when the case worker was notified that the Plaintiff had been terminated.

17. Prior to February 21, 2023, Plaintiff's case worker also sent emails verifying that Plaintiff was in treatment facility and was requesting FMLA leave.

18. The Plaintiff's termination was in direct interference with the rights afforded to him under the FMLA and in retaliation for seeking leave to which he was entitled.

## FOR A FIRST CAUSE OF ACTION
### Violation of the Family and Medical Leave Act – Interference

19. The Plaintiff reiterates each and every allegation above as if fully repeated herein.

20. As alleged above, Plaintiff satisfactorily performed his essential and fundamental job functions and was an exemplary employee in all respects. Upon her request, he was entitled to take leave pursuant to the Family and Medical Leave Act of 1993 (29 U.S.C. §2601, *et. seq*.).

21. Defendant's discipline against Plaintiff and discharge of his employment as a result of him having taken such leave is a violation of his rights under said statute(s).

22. By promptly terminating the Plaintiff, the Defendant failed to provide adequate medical leave as required by the FMLA and thus interfered with her attempt to secure and utilize such leave.

23. The Defendant's actions were done willfully, maliciously, wantonly and recklessly in an intentional action designed to damage the Plaintiff.

24. Accordingly, the Plaintiff is informed and believes that due to the acts of the Defendant, he is entitled to injunctive relief and civil damages, including lost wages to be doubled and benefits together with interest thereon, front pay and liquidated damages, as well as reasonable attorney's fees and costs for the bringing of this action.

## FOR A SECOND CAUSE OF ACTION
### Violation of the Family and Medical Leave Act – Retaliation

25. The Plaintiff reiterates each and every allegation above as if fully repeated herein.

26. The Defendant's discipline against Plaintiff and discharge of his employment as a result of him having taken such leave is a violation of his rights under said statute.

27. The aforesaid conduct of Defendant, its agents and servants, violates United States laws against retaliatory discharge; was, in fact, retaliatory in nature; and was in violation of Family and Medical Leave Act of 1993 (29 U.S.C. §2601, *et. seq.*).

28. The Defendant's actions were done willfully, maliciously, wantonly and recklessly in an intentional action designed to damage the Plaintiff.

29. Accordingly, the Plaintiff is informed and believes that due to the acts of the Defendant, he is entitled to injunctive relief and civil damages, including lost wages to be doubled and benefits together with interest thereon, front pay and liquidated damages, as well as reasonable attorney's fees and costs for the bringing of this action.

## FOR A THIRD CAUSE OF ACTION
### Violation of Fair Labor Standards Act

30. The Plaintiff reiterates each and every allegation above as if fully repeated herein.

31. The Plaintiff was working for the Defendant and accrued overtime pay. The Defendant has failed and continues to fail to pay the wages owed to the Plaintiff in violation of the Fair Labor Standards Act of 1938 (FLSA).

32. The Plaintiff is informed and believes that the Defendant was unjustly enriched in maintaining wages which rightfully belong to the Plaintiff pursuant to the FLSA.

33. As a direct and proximate result of the acts, omissions, and practices of the Defendant, the Plaintiff sustained a loss of income and wages.

34. The Plaintiff was also terminated in retaliation for complaining about not getting paid his wages, in violation of the anti-retaliation provisions in the Fair Labor Standards Act.

35. As a direct and proximate result of the acts and practices of the Defendant, the Plaintiff is informed and believes he is entitled to an award of damages, liquidated damages, treble damages, prejudgment interest, costs, legal fees, and any other damages to which he may be entitled as determined by the trier of fact.

## RELIEF REQUESTED

Plaintiff requests a judgment by this Court against Defendant as follows:

1. Judgment in favor of the Plaintiff and against Defendant for all causes of action;

2. Judgment in favor of the Plaintiff and against Defendant for back pay to be doubled he would have earned (with related monetary benefits and interest thereon) had he been kept in her proper employment;

3. Judgment in favor of the Plaintiff and against Defendant for front pay and any other work benefits he lost in an amount to be determined by the trier of fact;

4. Judgment in favor of the Plaintiff and against Defendant for liquidated or punitive damages in an amount to be determined at the trial of this matter;

5. An award to the Plaintiff for reinstatement to his former position; and

6. For such other and further relief as this Court deems just, proper and allowable by statute, case law or otherwise.

WIGGER LAW FIRM, INC.

*s/Matthew O. King*
Matthew O. King (Fed. I.D. #13793)
Attorney for Plaintiff
8086 Rivers Avenue, Suite A
North Charleston, SC 29406
(843) 553-9800

North Charleston, South Carolina
February 18, 2025.